101 F.3d 681
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Dennis POWELL, Petitioner-Appellant,
v.
Daniel SENKOWSKI, Superintendent of Clinton Correctional
Facility, Respondent-Appellee.
 No. 95-2299.
 United States Court of Appeals, Second Circuit.
 April 3, 1996.
 
 APPEARING FOR APPELLANT: Michael E. Lipson, Garden City, NY.
 APPEARING FOR APPELLEE: Adam S. Chernoff, Assistant District Attorney for Kings County, Brooklyn, NY.
 E.D.N.Y.
 AFFIRMED.
 Present: FEINBERG, MAHONEY, CALABRESI, Circuit Judges.
 
 
 1
 1. Petitioner-appellant Dennis Powell appeals from a judgment entered April 21, 1995 that dismissed his petition for habeas corpus pursuant to 28 U.S.C. § 2254. On July 28, 1995, this Court granted Powell a certificate of probable cause to appeal the dismissal of his petition.
 
 
 2
 2. A jury convicted Powell of one count of rape in the first degree in violation of N.Y. Penal Law § 130.35(3), and two counts of sexual abuse in the first degree in violation of id. § 130.65(3). The complaining witness in this case was less than eleven years old. Rape in the first degree occurs when a male "engages in sexual intercourse" with a female of that age, § 130.35(3), while sexual abuse in the first degree occurs when a male subjects a female of that age to "sexual contact," § 130.65(3). " 'Sexual intercourse' has its ordinary meaning and occurs upon any penetration, however slight." Id. § 130.00(1). " 'Sexual contact' means any touching of the sexual or other intimate parts of a person ... for the purpose of gratifying sexual desire of either party." Id. § 130.00(3). Powell contends that the evidence presented at trial was legally insufficient with respect to his rape conviction because "there was no unequivocal proof of penetration."
 
 
 3
 3. When a defendant challenges the sufficiency of the evidence underlying his conviction, that "conviction will be upheld if, 'after viewing the evidence in the light most favorable to the prosecution,' the reviewing court finds that 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Rosenthal, 9 F.3d 1016, 1024 (2d Cir.1993) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in Jackson )). The complaining witness provided adequate testimony that there was penetration to satisfy this standard. We accordingly affirm the judgment of the district court substantially for the reasons set forth in its memorandum order and judgment. See Powell v. Senkowski, No. CV-94-4596 (JBW), slip op. (E.D.N.Y. Apr. 21, 1995).